**COURT OF CHANCERY**
OF THE
**STATE OF DELAWARE**

TAMIKA R. MONTGOMERY-REEVES
VICE CHANCELLOR

New Castle County Courthouse
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted: May 20, 2016
Date Decided: August 19, 2016

Seth A. Niederman, Esquire
Carl D. Neff, Esquire
Wali W. Rushdan II, Esquire
Fox Rothschild LLP
919 North Market Street
Suite 300
Wilmington, DE 19801

Rolin P. Bissell, Equire
Richard J. Thomas, Esquire
Julia B. Ripple, Esquire
Young Conaway Stargatt & Taylor LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801

Michael J. Barrie, Esquire
Stephen M. Ferguson, Esquire
Benesch, Friedlander, Coplan &
   Aronoff LLP
222 Delaware Avenue, Suite 801
Wilmington, DE 19801

RE:   ***CMS Investment Holdings, LLC v. Lawrence E. Castle, et al.***
       Civil Action No. 9468-VCMR

Dear Counsel:

This Letter Opinion addresses the third-party defendants' motions to dismiss the third-party plaintiffs' amended third-party complaint. For the reasons stated herein, the third-party defendants' motions are granted.

## I. BACKGROUND

This action arises out of the collapse of RP Holdings Group, LLC ("RPH" or the "Company"), which provided non-legal administrative services to law firms and their mortgage lender clients in connection with mortgage foreclosures.

On March 25, 2014, CMS Investment Holdings, LLC ("CMS Investment") filed a complaint in this action against certain defendants, including Lawrence E. Castle, LEC Holdings, LLC, and The Castle Law Group, LLC (collectively, the "Castle Parties"). Then, on August 11, 2015, the Castle Parties filed their own third-party complaint (the "First Complaint") against the following third-party defendants: FTVentures III, LP, FTVentures III-N, LP, and FTVentures III-T, LP, FTVentures Management III, LLC, FTV Management Company, L.P., Richard Garman, Chris Winship, Bob Huret, Eric Byunn, Jim Hale, Benjamin Cukier, and Brad Bernstein (collectively, the "FTV Defendants"); and the Estate of Michael Bruder, Anthony Knight, and Ken Manqueros (collectively, and together with the FTV Defendants, the "Third-Party Defendants"). The Castle Parties filed an amended third-party complaint on January 15, 2016 (the "Amended Complaint") against the Third-Party Defendants, asserting claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, tortious interference with contractual

relations, civil conspiracy, and fraudulent and active concealment of material information.

On January 22 and January 29, 2016, the FTV Defendants and Knight and Manqueros, respectively, filed motions to dismiss the Amended Complaint.[1] The Third-Party Defendants advance four bases on which the Amended Complaint should be dismissed: lack of personal jurisdiction, failure to state a claim upon which relief can be granted, failure to comply with Court of Chancery Rule 23.1, and unreasonable delay in bringing the Amended Complaint—*i.e.*, laches.[2] Because I conclude that the Castle Parties' claims are barred by laches, I need not address the Third-Party Defendants' other proposed grounds for dismissal.

## II.    ANALYSIS

The standard of review for dismissal pursuant to Rule 12(b)(6) is well established. A motion to dismiss will be denied if a complaint's well-pled factual allegations would entitle the plaintiff to relief under any reasonably conceivable set of circumstances.[3] The Court accepts all well-pled facts as true and draws all

---

[1]    Although the Estate of Michael Bruder is named as a Third-Party Defendant, that Estate is unrepresented and was not included in either of the motions to dismiss.

[2]    *See* FTV Defs.' Opening Br. 2-6; Knight & Manqueros Defs.' Opening Br. 9.

[3]    *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Hldgs. LLC,* 27 A.2d 531, 537 & n. 13 (Del. 2011).

reasonable inferences in favor of the plaintiff.[4]   The Court, however, need not accept conclusory allegations unsupported by specific facts or draw unreasonable inferences.[5]

Under Delaware law, laches generally bars a cause of action if a plaintiff waited an unreasonable length of time before asserting the claim and that delay unfairly prejudiced the defendant.[6]   The traditional laches analysis requires the Court to determine whether a defendant can show three elements: "first, knowledge by the claimant; second, unreasonable delay in bringing the claim; and third, resulting prejudice to the defendant."[7]   Because equity generally follows the law, however, "a party's failure to file within the analogous period of limitations will be given great weight in deciding whether the claims are barred by laches."[8]   As such, "when claims are barred by a controlling statute of limitations, a court of equity need not engage in a traditional laches analysis."[9]   Instead, where, as here, a

---

[4]    *Id.*

[5]    *Price v. E.I. duPont de Nemours & Co., Inc.*, 26 A.3d 162, 166 (Del. 2011).

[6]    *Bean v. Fursa Capital P'rs, LP*, 2013 WL 755792, at *4 (Del. Ch. Feb. 28, 2013).

[7]    *Whittington v. Dragon Gp., L.L.C.*, 991 A.2d 1, 8 (Del. 2009) (citation omitted).

[8]    *Id.* at 9 (citing *Adams v. Jankouskas*, 452 A.2d 148, 157 (Del. 1982)).

[9]    *State ex rel. Brady v. Pettinaro Enters.*, 870 A.2d 513, 527 (Del. Ch. 2005).

plaintiff brings equitable and legal claims seeking only legal relief, the Court "will bar claims outside the limitations period absent tolling or extraordinary circumstances,"[10] even in the absence of demonstrable prejudice.[11]

The parties agree that each of the Castle Parties' claims is governed by a three-year statute of limitations period. And, the Amended Complaint alleges that the Third-Party Defendants' most recent misconduct occurred in January 2012. Consequently, to remain within the three-year statute of limitations period, the Castle Parties must have brought their claims by January 2015.[12] Because the Castle Parties filed the First Complaint on August 11, 2015, the Amended Complaint's claims fall outside of the applicable limitations period. Thus, "absent tolling or extraordinary circumstances," the Castle Parties' claims are barred by laches.[13]

---

[10] *Kraft v. WisdomTree, Invs., Inc.*, 2016 WL 4141112, at *10-11 (Del. Ch. Aug. 3, 2016).

[11] *In re Sirius XM S'holder Litig.*, 2013 WL 5411268, at *4 (Del. Ch. Sept. 27, 2013) ("After the statute of limitations has run, defendants are entitled to repose and are exposed to prejudice as a matter of law by a suit by a late-filing plaintiff who had a fair opportunity to file within the limitations period.").

[12] *In re Coca-Cola Enters., Inc.*, 2007 WL 3122370, at *5 (Del. Ch. Oct. 17, 2007) ("Under Delaware law, a plaintiff's cause of action accrues at the moment of the wrongful act-not when the harmful effects of the act are felt-even if the plaintiff is unaware of the wrong.").

[13] *Kraft*, 2016 WL 4141112, at *11.

The Castle Parties cite to *IAC/InterActiveCorp v. O'Brien* for the proposition that laches should not bar a claim when "(1) the plaintiff had been pursuing his claim, through litigation or otherwise, before the statute of limitations expired; (2) the delay in filing suit was attributable to a legal determination in another jurisdiction; and (3) the defendant was aware of, or participated in, any prior proceedings."[14] According to the Castle Parties, just as in *O'Brien*, extraordinary circumstances exist here that warrant avoidance of laches, as they brought substantially the same claims against the Third-Party Defendants in Denver County District Court in November 19, 2014 (the "Colorado State Action").[15] Because the Colorado State Action was filed well before the three-year limitations period ended, and because they "spent time, money and effort bringing suit against the FTV Defendants, awaited determination of the proceeding in Colorado, and directly participated in the action," the Castle Parties contend that the analogous statute of limitations does not bar their claims.[16]

---

[14] Castle Pls.' Answering Br. to FTV Defs.' Mot. to Dismiss 41 (citing 26 A.3d 174, 178 (Del. 2011)).

[15] *Id.*, Ex. A.

[16] *Id.* at 41-42 (citing *Levey v. Brownstone Asset Mgmt., LP*, 76 A.3d 764, 770-71 (Del. 2013) (holding, in part, that "this case involves unusual conditions and extraordinary circumstances that counsel against applying the analogous statutory period of limitations to bar [the plaintiff's] claim" because the plaintiff asserted his

As the Castle Parties acknowledge, however, the Denver County District Court dismissed the Colorado State Action on June 15, 2015 pursuant to the forum selection clause in RPH's LLC agreement (the "Forum Selection Clause").[17] That Forum Selection Clause "mandat[es] that any disputes relating to the [RPH LLC] Agreement 'shall be heard in the state or federal courts of Delaware.'"[18] In dismissing the Colorado State Action, the Denver County District Court held that "[u]nder the [Forum Selection Clause], Plaintiff is required to litigate its claims in state or federal court in Delaware."[19] As the Delaware Superior Court held in *Huffington v. T.C. Group, LLC* in the context of deciding whether to apply the equitable doctrine of judicial estoppel in the plaintiff's favor:

> One must play fair to ask for fairness. Huffington deliberately ignored a clear and unambiguous forum selection clause in the Subscription Agreement and filed

---

claim in another action "before the analogous three-year statute of limitations expired"); *Stephen G. Perlman, Rearden LLC v. Vox Media, Inc.*, 2015 WL 5724838, at *13 (Del. Ch. Sept. 30, 2015) (declining to apply laches because "Plaintiffs did pursue their claim diligently and in good faith before the statute of limitations expired")).

[17] *Id.* at 37; Order Granting FTV Defs.' Mot. to Enforce the Contractual Forum Selection Clause in RP Holdings' LLC Agreement, *LEC Hldgs. LLC v. FTV Capital et al.*, 2014CV34398 (Denver Cty. Dist. Ct. June 15, 2015) ("Colorado State Decision").

[18] Colorado State Decision, Attach. at 2.

[19] *Id.* at 1.

> suit in his home state of Massachusetts. Having been dismissed there, because of the forum selection clause, he now asks this Court to ignore the express language of its borrowing statute and apply the Massachusetts statute of limitations so his claims are not time-barred. Huffington's argument does not comport with the principles of equity and fairness. Huffington consciously decided to ignore the forum selection clause and file his claim in another jurisdiction. He then chose to appeal the dismissal. He consciously decided not to file his suit in Delaware first. The Court will not invoke the equitable doctrine of judicial estoppel to now save him from the consequences of his strategic decisions in that regard.[20]

Further, in *Carlyle Investment Management L.L.C. v. National Industries Group (Holding)*, this Court applied the same principle in the context of enforcing a forum selection clause, which subsequently resulted in the plaintiff's claim being time-barred.[21] The facts here demand the same outcome. The Castle Parties brought the Colorado State Action despite the "unambiguous, valid, and enforceable" Forum Selection Clause, which ultimately precipitated that Action's

---

[20]     2012 WL 1415930, at *6 (Del. Super. Apr. 18, 2012).

[21]     2012 WL 4847089, at *11 (Del. Ch. Oct. 11, 2012) ("Here, National deliberately chose not to sue in the contractually proper forum, and failed to take repeated chances to raise its claims in a timely manner in Delaware despite knowing that Carlyle intended to enforce the forum selection clause. National gambled and lost. There is nothing unreasonable about enforcing the forum selection clause against National, because any harm it has suffered is entirely self-inflicted."), *aff'd*, 67 A.3d 373 (Del. 2013).

dismissal.[22]  Having chosen to disregard that clause and having made the decision to file initially in Colorado rather than in the parties' bargained-for jurisdiction, the Castle Parties cannot now present the Colorado State Action as a basis for avoiding application of laches.

In another attempt to avoid application of the principle articulated in both *Huffington* and *Carlyle*, the Castle Parties point out that before they filed the Colorado State Action, CMS Investment—which the Amended Complaint alleges is controlled by the FTV Defendants—filed its own action against the Castle Parties in the United States District Court for the District of Colorado (the "Colorado Federal Action").[23]  As such, the Castle Parties argue that the FTV Defendants, through CMS Investment, "open[ed] the door to litigation in Colorado, essentially taking the position through the filing of this complaint that these claims, which otherwise would be triggered through the RPH LLC agreement, are suited for litigation in Colorado."[24]  Yet, CMS Investment's complaint in the Colorado Federal Action alleged "a breach by the [Castle Parties] of an independent

---

[22]  Colorado State Decision, Attach. at 2.

[23]  *See* Oral Arg. Tr. 59-60; Complaint & Jury Demand, *CMS Inv. Hldgs., LLC v. Castle*, Case 1:14 cv 01814 (D. Colo. June 30, 2014) ("Colorado Federal Action Compl.").

[24]  Oral Arg. Tr. 60.

agreement, not the RPH LLC agreement, but a securities purchase agreement" without a forum selection clause.[25] Further, the agreement at issue "included an arbitration clause requiring claims to be arbitrated in New York," and CMS Investment only brought that action after the Castle Parties "refused to participate in that arbitration in New York."[26] Therefore, CMS Investment's complaint in the Colorado Federal Action undermines the Castle Parties' position because rather than evidencing a willingness by the FTV Defendants to litigate issues related to RPH's LLC agreement in Colorado, it alleges another instance in which the Castle Parties attempted to evade their venue-related contractual obligations.

The Castle Parties note that "Delaware law allows the statute of limitations to 'be tolled if a defendant engaged in fraudulent concealment of the facts necessary to put a plaintiff on notice of the truth.'"[27] The Castle Parties allege that "the Third-Party Defendants fraudulently concealed their scheme to weaken and destroy RPH" and, therefore, "[i]t was not until well after RPH's destruction that the Castle Parties had reason to believe that misconduct, rather than business

---

[25]  *Id.* at 93; *accord* Colorado Federal Action Compl.

[26]  Oral Arg. Tr. 93; *accord* Colorado Federal Action Compl.

[27]  Castle Pls.' Answering Br. to FTV Defs.' Mot. to Dismiss 42 (quoting *In re Dean Witter P'ship Litig.*, 1998 WL 442456, at *5 (Del. Ch. July 17, 1998), *aff'd*, 725 A.2d 441 (Del. 1999)).

efficiency issues, were in fact to blame for the failure."[28]  The Amended Complaint, however, fails to plead "the circumstances constituting fraud . . . with particularity."[29]  While the Amended Complaint alleges broadly that certain of the Third-Party Defendants made false statements to the Castle Parties in furtherance of the Third-Party Defendants' "scheme" to ruin RPH for their own benefit,[30] the Castle Parties make no effort to demonstrate when they discovered such false statements or how those statements contributed to their delay in bringing the First Complaint.[31]  In other words, even if the Third-Party Defendants did make fraudulent statements, the Castle Parties have not indicated how those statements "prevent[ed] [them] from gaining knowledge of the facts" necessary to put them on "the trail of inquiry."[32]  Thus, because the First Complaint was filed after the

---

[28]  Castle Pls.' Answering Br. to FTV Defs.' Mot. to Dismiss 42.

[29]  Ct. Ch. R. 9(b); *see also Boeing By Levit v. Shrontz*, 1992 WL 81228, at *3 (Del. Ch. Apr. 20, 1992) ("The allegations of fraudulent concealment necessary to toll the statute of limitations must be set forth with the particularity required by Chancery Court Rule 9(b).").

[30]  *See* Am. Compl. ¶¶ 135-140.

[31]  *See Bean*, 2013 WL 755792, at *6 ("If a prima facie basis for laches exists from the face of the complaint, the plaintiff bears the burden to plead specific facts to demonstrate that the analogous statute of limitations was tolled." (citing *Dean Witter*, 1998 WL 442456, at *6)).

[32]  *Dean Witter*, 1998 WL 442456, at *5.

relevant three-year limitations period and the Castle Parties failed to identify a tolling doctrine or extraordinary circumstances that suffice to avoid application of laches, I hold that their claims are time-barred.

## III.  CONCLUSION

For the reasons stated above, the Third-Party Defendants' motions to dismiss are granted.

**IT IS SO ORDERED.**

Sincerely,

*/s/Tamika Montgomery-Reeves*

Vice Chancellor

TMR/jp